WILLIAM F. DAVIDSON

*vs.*

URI L. LAMPREY.

*Sec.* 8 *of ch.* 67 *Gen. Stat.* prevents a party, appealing from the taxation of costs by the clerk, from urging before the court any ground of objection not made before the clerk.

The mode of stating objections to taxation of costs is a mere question of practice and should be regulated, as far as possible, by the courts in which such objections originate; and when an objection made to the taxation of costs is reasonably susceptible of a construction given to it by the court below, this court does not feel called upon to construe it differently.

Davidson v. Lamprey.

The decision of the court below upon the necessity of the attendance of a witness in a cause tried therein, considered and affirmed.

After verdict for the defendant costs were taxed in his favor by the clerk under the written objection of the plaintiff, and judgment was entered for the defendant for the costs as taxed. Upon appeal to the court the item objected to by plaintiff was in part disallowed, and it was ordered that the sum so disallowed be deducted from the judgment. This was accordingly done, and from the judgment thus reduced the defendant appeals. The facts are sufficiently stated in the opinion.

LAMPREYS, for Appellant.

ALLIS, GILFILLAN & WILLIAMS, for Respondent.

*By the Court.*—McMILLAN, J.—At the taxation of costs by the clerk, the attorney for the respondent appeared and objected in writing "to the item of $17.48 charged for Baker's witness' fees." The clerk overruled the objection and the respondent appealed to the court of common pleas.

Upon the hearing of the appeal, the court, finding that the cause was not set down for a day certain for trial, yet deducted $12, from the amount claimed for the attendance of the witness Baker, and allowed and taxed in favor of defendant the fees of said witness for five days and no more, being the sum of $5.48, upon the ground that it was not necessary to have the said witness Baker present in court on the trial of said cause, as such witness, any more than five days.

The statute relating to appeals from taxation of costs provides that "the party objecting to any item shall specify in writing the grounds of objection, and the same, in case of appeal, shall be certified to the court by the clerk, and the appeal

shall be heard and determined upon the objections so certified and none other."—*Gen. Stat., ch.* 67, *sec.* 8, *p.* 496.

The object of this section evidently was to prevent a party, appealing from the taxation of costs by the clerk, from urging before the court any ground of objection which the clerk had not been called upon to determine.

The objection made at taxation of costs before the clerk to the allowance of the fees charged for the witness Baker, was as follows, "because said cause was set down for trial upon a day certain, and it was not necessary to have the witness present so many days."

The court below, in the decision of the appeal from the clerk's taxation, evidently construed the objection as stating two separate grounds, 1, that the cause was set down for trial upon a day certain, and, 2, that it was not necessary to have the witness present so many days.

As this is a mere question of practice, the mode of stating objections to taxation of costs should be regulated, as far as possible, by the courts within which such objections originate, and the objection, as presented, is certainly susceptible of the construction given to it by the court below; we do not, therefore, feel called upon to construe it differently. Upon the question of the necessity for the attendance of the witness, the trial having taken place in the court of common pleas, the whole record and all the facts surrounding the case were familiar to the court, many of which are not presented to us in this paper book; we are therefore of opinion that the decision of the court below upon the question should not be disturbed.

Judgment affirmed.